BROWN, P. J.:

Upon the pleadings the case is not referable, and the evidence does not make it so.    I dissent.

Order affirmed, with costs.

---

In the Matter of the Taxable Transfer of Property Belonging to the Estate of Rev. NICHOLAS BALLEIS, Deceased.

*The exemption granted by chapter 399 of the Laws of 1892 does not apply to foreign corporations.*

The privilege of exemption granted to certain religious corporations by the Transfer Tax Law (Chap. 399 of the Laws of 1892) does not extend to corporations other than those created by or under the laws of the State of New York.

APPEAL by the Order of St. Benedict and another, the residuary legatees under the will of Rev. Nicholas Balleis, deceased, from an order or decree of the Surrogate's Court of the county of Kings, entered in the Kings County Surrogate's Court on the 29th day of November, 1893, confirming the report of an appraiser duly appointed under and in pursuance of the Transfer Tax Acts.

*John R. Kuhn*, for the appellants.

*James W. Ridgway, District Attorney*, and *Robert B. Bach*, for county treasurer of Kings county.

DYKMAN, J.:

This is an appeal from an order of the surrogate of Kings county, imposing a tax upon the transfer of certain property under the will of Nicholas Balleis, deceased.

By his last will and testament the deceased gave the residue of his property, excepting his library and certain vestments and furniture, to the college and schools of St. Vincent's Abbey, Westmoreland county, Pennsylvania, and to the college and schools of St. Mary's Abbey in Newark, New Jersey, to be divided among them in equal parts. He gave his library, furniture and vestments to the Benedictines of Newark.

The surrogate decided that the act in relation to transfers of property (Chap. 399 of the Laws of 1892) did not extend the privilege of exemption therein allowed to certain religious corporations, to corporations other than those created by the laws of this State, and that the legacies to the appellants were subject to the tax.

The Order of St. Benedict and the Benedictine Society have appealed, and we assume that they are the legatees although the names are not precisely the same as those given in the surrogate's findings. The will itself is not in the printed record.

The question is whether the legacies are exempted from the operation of the act relating to taxable transfers of property, and the language of the statute under which such exemption is claimed is this : " But any property heretofore or hereafter devised or bequeathed to * * * or to any religious corporation shall be exempted from and not subject to the provisions of this act."

The legatees are foreign religious corporations, and the order is based upon the theory that foreign corporations are subject to the provisions of the act in question.

The exemption clause is conceived in clear and precise terms, and requires no interpretation, and if it were allowed the full force of its signification, the legacies in question would fall within its operation and be exempted from the tax.

We feel bound, however, by the decision of the Court of Appeals in the *Matter of the Estate of Prime* (136 N. Y. 360), to hold that the legacies are subject to the tax.

It was said in the opinion in that case, which was unanimous, as follows : " We are of opinion that a statute of a State granting powers and privileges to corporations must, in the absence of plain indications to the contrary, be held to apply only to corporations created by the State and over which it has the power of visitation and control."

The order appealed from should be affirmed, with costs and disbursements.

BROWN, P. J., and PRATT, J., concurred.

Order affirmed, with costs.